## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
COACH, INC. and COACH SERVICES, INC.,          :
                                                              10 CIV 1731 (LMM)
                              Plaintiffs,       :

              v.                                :

KMART CORPORATION, SEARS HOLDINGS    :
CORPORATION, 24 SEVEN INTERNATIONAL
LLC, and DOES 1 through 10,                     :

                              Defendants.   :
-----------------------------------------------------------------x
```

## PLAINTIFFS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES

JONATHAN D. DAVIS, P.C.
99 Park Avenue
Suite 1600
New York, New York 10016
(212) 687-5464
Attorneys for Plaintiffs
Coach, Inc. and Coach Services, Inc.

## TABLE OF CONTENTS

BACKGROUND ........................................................................................................ 2

THE ANSWERS AND DEFENSES ......................................................................... 5

ARGUMENT ............................................................................................................ 7

THE INSUFFICIENT AFFIRMATIVE DEFENSES
SHOULD BE STRICKEN AS A MATTER OF LAW ............................................. 7

  A. Governing Standards ....................................................................................... 7

  B. Defendants' Affirmative Defenses Are Without Merit .................................... 9

    1.  The First Sale Doctrine Defense Should Be Stricken ..................................... 9

    2.  The Estoppel, Implied License, Acquiescence, Waiver
       And Laches Affirmative Defenses Should Be Stricken .............................. 11

       (a) Estoppel .......................................................................................... 11

       (b) Implied License ............................................................................... 12

       (c) Acquiescence and Laches ................................................................ 13

       (d) Waiver ............................................................................................. 14

    3.  The Statute Of Limitations
       Affirmative Defense Should Be Stricken ................................................... 15

    4.  The Copyright Misuse Affirmative Defense Should Be Stricken ................ 16

    5.  24/7's Unclean Hands Affirmative Defense Should Be Stricken ................ 17

    6.  The Failure To Mitigate Damages
       Affirmative Defense Should Be Stricken ................................................... 19

    7.  All Redundant, Immaterial Or Impertinent
       Affirmative Defenses Should Be Stricken .................................................. 20

    8.  24/7's Failure To Negotiate Damages
       Affirmative Defense Should Be Stricken ................................................... 22

CONCLUSION ........................................................................................................ 22

## TABLE OF AUTHORITIES

**Cases**                                                                                       **Page(s)**

*A.H. Emery Co. v. Marcan Prods. Corp.*, 389 F.2d 11 (2d Cir.),
    *cert. denied*, 393 U.S. 835, 89 S. Ct. 109 (1968) ........................................................................ 18

*adidas-America, Inc. v. Payless Shoesource, Inc.*,
    546 F. Supp. 2d 1029 (D. Or. 2008) ....................................................................................... 14

*Allen v. A.H. Robins Co., Inc.*,
    752 F.2d 1365 (9th Cir. 1985) ................................................................................................ 11

*Arista Records, Inc. v. Flea World, Inc.*,
    356 F. Supp. 2d 411 (D. N.J. 2005) ........................................................................................ 10

*Ashcroft v. Iqbal*,
    __ U.S. __, 129 S. Ct. 1937 (2009) .......................................................... 7, 8, 9, 14, 19, 20, 21

*Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*,
    531 F. Supp. 2d 620 (S.D.N.Y. 2008) ........................................................................ 8, 9, 19, 21

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955 (2007) ................................................................................. 7, 8

*BSS Studio, Inc. v. Kmart Corporation*,
    No. 98 C 6298, 1999 WL 1427831 (N.D. Ill. Dec. 21, 1999) ...................................................... 1

*Burns v. Dodeka, LLC*,
    No. 4:09-CV-19-BJ, 2010 WL 1903987 (N.D. Tex. May 11, 2010) ........................................... 20

*Cartier v. Symbolix, Inc.*,
    386 F. Supp. 2d 354 (S.D.N.Y. 2005) ...................................................................................... 18

*Constellation Brands, Inc. v. Arbor Hill Assocs., Inc.*,
    535 F. Supp. 2d 347 (W.D.N.Y. 2008) .................................................................................... 15

*D.S. America (East), Inc. v. Chromagrafx Imaging Sys., Inc.*,
    873 F. Supp. 786 (E.D.N.Y. 1995) .......................................................................................... 11

*De Beers LV Trademark Ltd. v. DeBeers Diamond Syndicate Inc.*,
   No. 04 Civ. 4099 (DLC), 2005 WL 1164073 (S.D.N.Y. May 18, 2005) ................................... 19

*Design Options, Inc. v. Bellepointe, Inc.*,
   940 F. Supp. 86 (S.D.N.Y. 1996) ............................................................................................ 10

*Dress For Success Worldwide v. Dress 4 Success*,
   589 F. Supp. 2d 351 (S.D.N.Y. 2008)..................................................................................... 18

*Dunlop-McCullen v. Local 1-S, AFL-CIO-CLC*,
   149 F.3d 85 (2d Cir. 1998)...................................................................................................... 18

*Estee Lauder, Inc. v. The Fragrance Counter, Inc.*,
   189 F.R.D. 269 (S.D.N.Y. 1999) .............................................................................................. 8

*FDIC v. Eckert Seamans Cherin & Mellott*,
   754 F. Supp. 22 (E.D.N.Y. 1990) ............................................................................................. 8

*FDIC v. Ornstein*,
   73 F. Supp. 2d 277 (E.D.N.Y. 1999) ........................................................................................ 8

*Federal Nat. Mortg. Ass'n v. Olympia Mortg. Corp.*,
   No. 04 CV 4971 (NG) (MDG), 2007 WL 3077045 (E.D.N.Y. Oct. 22, 2007)........................... 8

*Fluor Corp. v. Ill. Power Co.*,
   326 F.2d 374 (7th Cir. 1964) .................................................................................................. 11

*Ganley v. County of San Mateo*,
   No. C06-3923 TEH, 2007 WL 902551 (N.D. Cal. Mar. 22, 2007) ........................................... 11

*Gidatex, S.r.L. v. Campaniello Imports, Ltd.*,
   82 F. Supp. 2d 126 (S.D.N.Y. 1999)....................................................................................... 18

*Greenlight Capital, Inc. v. Greenlight (Switzerland) S.A.*,
   No. 04 Civ. 3136 (HB), 2005 WL 13682 (S.D.N.Y. Jan. 3, 2005) ........................................... 15

*Groves v. Prickett*,
   420 F.2d 1119 (9th Cir. 1970) ................................................................................................ 14

*Hayne v. Green Ford Sales, Inc.*,
   263 F.R.D. 647 (D. Kan. 2009)............................................................................................... 20

*In Design v. Kmart Apparel Corp.*,
   No. 87 Civ 8397 (KC), 1991 WL 84533 (S.D.N.Y. May 14, 1991)............................................ 1

*In re Montagne,*
Bankruptcy. No. 08-10916, Adversary No. 08-1024,
2010 WL 538216 (Bankr. D. Vt. Feb. 8, 2010) ............................................................................ 8

*Ivanhoe Financial, Inc. v. Highland Ban Corp.,*
No. 03 C 7336, 2004 WL 2091997 (N.D. Ill. Sept. 15, 2004) ..................................................... 20

*Jewish Sephardic Yellow Pages, Ltd. v. DAG Media, Inc.,*
478 F. Supp. 2d 340 (E.D.N.Y. 2007) ....................................................................................... 12

*Keystone Driller Co. v. General Excavator Co.,*
290 U.S. 240, 54 S. Ct. 146 (1933) ............................................................................................ 18

*Kosakow v. New Rochelle Radiology Assocs., P.C.,*
274 F.3d 706 (2d Cir. 2001) ....................................................................................................... 12

*London-Sire Records, Inc. v. Doe 1,*
542 F. Supp. 2d 153 (D. Mass. 2008) ........................................................................................ 10

*Markel v. Scovill Mfg. Co.,*
471 F. Supp. 1244 (W.D.N.Y. 1979) .......................................................................................... 18

*Mattox v. Watson,*
No. CV 07-5006-RGK (RZx), 2007 WL 4200213 (C.D. Cal. Nov. 15, 2007) ......................... 11

*Microsoft Corp. v. BEC Computer Co., Inc.,*
818 F. Supp. 1313 (C.D. Cal. 1992) .......................................................................................... 17

*Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.,*
123 F. Supp. 2d 945 ..................................................................................................................... 17

*Microsoft Corp. v. Jesse's Computers & Repair, Inc.,*
211 F.R.D. 681 (M.D. Fla. 2002) ......................................................................................... 16, 17

*Microsoft Corp. v. Software Wholesale Club, Inc.,*
129 F. Supp. 2d 995 (S.D. Tex. 2000) ....................................................................................... 10

*Novell, Inc. v. Weird Stuff, Inc.,*
No. C92-20467 JW/EAI, 0094 WL 16458729 (N.D. Cal. Aug. 2, 1993) ................................... 15

*Pavlica v. Behr,*
397 F. Supp. 2d 519 (S.D.N.Y. 2005) ........................................................................................ 12

*Pearson Educ., Inc. v. Kumar,*
   No. 1:07-CV-9399 (CSH), 2010 WL 1609024 (S.D.N.Y. Apr. 16, 2010) .................................. 9

*Precision Instrument Mfg. Co. v. Automotive Maint. Mach. Co.,*
   324 U.S. 806, 65 S. Ct. 993 (1945) ......................................................................................... 18

*Prince Group, Inc. v. MTS Products,*
   967 F. Supp. 121 (S.D.N.Y. 1997) ............................................................................................ 1

*ProFitness Physical Therapy Center v. Pro-Fit Orthopedic and Sports Physical Therapy P.C.,*
   314 F.3d 62 (2d Cir. 2002) ...................................................................................................... 13

*Qarbon.com Inc. v. eHelp Corp.,*
   315 F. Supp. 2d 1046 (N.D. Cal. 2004) ................................................................................... 11

*Quality King Distribs., Inc. v. L'anza Research Int'l, Inc.,*
   523 U.S. 135, 118 S. Ct 1125 (1998) ......................................................................................... 9

*Reis Robotics USA, Inc. v. Concept Indus., Inc.,*
   462 F. Supp. 2d 897 (N.D. Ill. 2006) ...................................................................................... 22

*Russian Kurier, Inc. v. Russian American Kurier, Inc.,*
   899 F. Supp. 1204 (S.D.N.Y. 1995) .................................................................................. 12, 18

*S.E.C. v. Electronics Warehouse, Inc.,*
   689 F. Supp. 53 (D. Conn. 1988) ............................................................................................ 19

*Shechter v. Comptroller of the City of New York,*
   79 F.3d 265 (2d Cir. 1996) ...................................................................................... 8, 9, 19, 21

*SHL Imaging, Inc. v. Artisan House, Inc.,*
   117 F. Supp. 2d 301 (S.D.N.Y. 2000) ..................................................................................... 12

*SmithKline Beecham Consumer Healthcare, L.P. v. Watson Pharm., Inc.,*
   211 F.3d 21 (2d Cir. 2000) ...................................................................................................... 12

*Sony Fin. Servs., LLC v. Multi Video Group, Ltd.,*
   No. 03Civ.1730 (LAK)(GWG), 2003 WL 22928602 (S.D.N.Y. Dec. 12, 2003) ....................... 7

*Telectronics Proprietary, Ltd. v. Medtronic, Inc.,*
   687 F. Supp. 832 (S.D.N.Y. 1988) .......................................................................................... 11

*The Flag Co. v. Maynard,*
   No. CV-05-1194-HU, 2006 WL 2225816 (D. Or. Aug. 1, 2006) ............................................ 20

*Thom v. Ashcroft,*
   369 F.3d 158 (2d Cir. 2004) .................................................................................................. 13

*Times Mirror Magazines, Inc. v. Field & Stream Licenses Co.,*
   294 F.3d 383 (2d Cir. 2002) ................................................................................................. 13

*Tracy v. NVR, Inc.,*
   No. 04-CV-6541L, 2009 WL 3153150 (W.D.N.Y. Sept. 30, 2009) ................................... 8, 14

*U.S. v. King Features Entm't, Inc.,*
   843 F.2d 394 (9th Cir. 1988) ................................................................................................ 14

*Ulloa v. Universal Music and Video Distrib. Corp.,*
   303 F. Supp. 2d 409 (S.D.N.Y. 2004) ................................................................................... 12

*UMG Recordings, Inc. v. Lindor,*
   531 F. Supp. 2d 453 (E.D.N.Y. 2007) .............................................................................. 16, 17

*Yash Raj Films (USA) Inc. v. Atlantic Video,*
   No. 03 C 7069, 2004 WL 1200184 (N.D. Ill. May 28, 2004) ................................................ 11

## Statutes and Other Authorities

15 U.S.C. § 1117 ............................................................................................................................ 6

17 U.S.C. § 507(b) ....................................................................................................................... 15

Black's Law Dictionary (7th ed. 1999) ........................................................................................ 20

Fed. R. Civ. P. 8(a) ...................................................................................................................... 11

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 7, 22

Fed. R. Civ. P. 12(f) ........................................................................................................... 1, 7, 8, 22

## Preliminary Statement

This memorandum of law is respectfully submitted on behalf of Plaintiffs Coach, Inc. and Coach Services, Inc.[1] in support of their motion, pursuant to Rule 12(f), Fed. R. Civ. P., striking certain enumerated affirmative defenses alleged in the Answers and Affirmative Defenses of Defendants Kmart Corporation ("Kmart"), Sears Holdings Corporation ("Sears") and 24 Seven International LLC ("24/7") ("Answers") to Plaintiffs' First Amended Complaint ("Complaint").[2]

Defendants are exceedingly familiar with the significant value and importance accorded intellectual property rights. They are neither strangers to the laws that protect those rights, nor the conduct that is infringing. What makes the conduct in this case more notable is the fact that in previously reported instances, Kmart has been found to have infringed the intellectual property rights of others.[3]

In response to this action, Defendants have alleged a laundry list of affirmative defenses that are without merit, lack the minimally necessary detail to sufficiently allege such defenses, and are likely interposed for the purposes of distraction and delay. These

---

[1] Plaintiff Coach, Inc. is a manufacturer and retailer, in addition to an owner and holder of various federal and common law trademarks and copyrights, including the copyright at issue in this action. Plaintiff Coach Services, Inc. is the owner and holder of the federally registered Coach trademark at issue in this action. Coach, Inc. and Coach Services, Inc. are sometimes hereinafter referred to collectively as "Coach."

[2] *See* Declaration of Jonathan D. Davis, dated June 8, 2010 ("Davis Decl.") at Exs. A (Complaint) and B, C and D (Answers).

[3] *BSS Studio, Inc. v. Kmart Corporation*, No. 98 C 6298, 1999 WL 1427831 (N.D. Ill. Dec. 21, 1999) (holding Kmart violated permanent injunction by infringing plaintiff's copyrights); *Prince Group, Inc. v. MTS Products*, 967 F. Supp. 121 (S.D.N.Y. June 27, 1997); *In Design v. Kmart Apparel Corp.*, No. 87 Civ. 8397 (KC), 1991 WL 84533 (S.D.N.Y. May 14, 1991).

defective defenses are **one-sentence legal conclusions** without the slightest reference to any facts or circumstances to even facially support them.

Coach has properly alleged the elements for each cause of action and the requisite underlying facts to support it. Defendants make sheer denials that are inconsistent with undeniable facts, or they default to improbable and disingenuous refrains, alleging the lack of sufficient knowledge or information to respond to basic allegations. Having failed to allege plausible defenses, each defense enumerated below is insufficient as a matter of law and thus should be stricken. The relief requested by this motion will streamline discovery, prevent unnecessary delay in the efficient and prompt prosecution of this case, and avoid needless litigation costs.

## BACKGROUND

Coach, Inc. has manufactured and sold fine leatherware, including handbags, wallets, briefcases and luggage, for over sixty years. Customers identify the Coach name, brand and trademarks with the highest standards of craftsmanship and design. Coach sells goods throughout the world at its own specialty retail stores, high-end department stores and via an Internet website, www.coach.com.

Defendant Kmart is a nationally recognized retailer that maintains department stores throughout the United States. Following a merger between Kmart and Sears in March 2005, Sears and Kmart became a single entity. Defendant 24/7 is a worldwide distributor of luggage to retail stores and merchants, including Kmart.

On March 4, 2010, Coach commenced this action against Defendants for the following claims: trademark and trade dress infringement under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a) and (c)); copyright infringement under the United

2

States Copyright Act (17 U.S.C. § 501, *et seq.*); trademark infringement under New York Art & Cultural Affairs Law § 33.09; trademark dilution under New York General Business Law § 360 *et seq.*; deceptive practices and false and misleading advertising under N.Y. Gen. Bus. L. §§ 349 and 350; and unfair competition and unjust enrichment under New York's common law. Davis Decl. at Ex. A.

At the time of the commencement of this action, Defendants were engaged, *inter alia*, in designing, manufacturing, advertising, promoting, distributing, selling, or offering for sale a three-piece luggage set, which consisted of a 23-inch Expandable Upright suitcase, a 21-inch Expandable Upright Carry-On suitcase and a 19-inch Wire Satchel (the "Luggage Set"). The Luggage Set bears logos, source-identifying indicia and design elements that infringe Coach's intellectual property rights.

The following chart displays images of Coach's authentic product, as compared to Defendants' infringing Luggage Set:

| Authentic Coach Products | Infringing Luggage Set |
|---|---|
|  | |



In addition to the Luggage Set, Defendants likewise engaged in designing, manufacturing, advertising, promoting, distributing, selling, or offering for sale a handbag on wheels (the "Wheeled City Bag"), available both in black and white and multi-colors.[4] The Wheeled City Bag bears on its exterior a design that is confusingly similar to Coach's "Op Art" trademark and copyright.

24/7 apparently purchased the Infringing Products from China, and then sold and distributed those products to Kmart to be sold in its stores nationwide.  However,

---

[4] The Luggage Set and Wheeled City Bag are collectively referred to as the "Infringing Products."

Coach never granted Defendants a license, authority or permission to use its intellectual property in connection with the designing, manufacturing, advertising, promoting, distributing, selling, or offering for sale of any products, including the Infringing Products.

On or about January 25, 2010, Coach purchased from a New York City Kmart store an infringing Luggage Set for $79.99. The average manufacturer's suggested retail price for an authentic Coach suitcase and satchel are approximately $500 and $350. Following commencement of this action, Defendants allegedly ceased selling the Infringing Products.

## THE ANSWERS AND DEFENSES

On May 19, 2010, Defendants responded to the Complaint. *See* Davis Decl. at Exs. B, C and D. In the Answers, Defendants dodge responding to several factual assertions by Coach, stating that they "den[y] knowledge or information sufficient to form a belief as to the truth of the allegations," or asserting that the allegations "state a legal conclusion," entitling them to deny the allegations. *See*, *e.g.*, Davis Decl. at Ex. B at ¶¶ 19-21 and Ex. C at ¶¶ 20, 21, 26. As to these matters, it is evident that such information is undoubtedly within Defendants' knowledge, including, for example, offering for sale and selling the Infringing Products and for past violations of federal law protecting the intellectual property rights of others. *Id.* at Exs. B and C ¶¶ 29 and 32 and Ex. D at ¶ 31.

Defendants do not deny or contest the ownership of the Coach trademark or its registration (at least by "Coach Services, Inc.") with the United States Patent and Trademark Office, but they inexplicably deny its validity, force and effect, or that it is a distinctive or famous mark. *Id.* at Exs. B, C and D at ¶¶ 16-20.

5

Defendants state their "lack of knowledge or information" with respect to the ownership of the "Op Art" copyright, and its validity, force and effect, denying Coach's ownership (Coach, Inc. or Coach Services, Inc.), despite being provided the federal registration number and other details, which are publicly available. *Id.* at Exs. B and C at ¶¶ 23 and 24.

Defendants entirely avoid responding to the substance of Coach's allegations with respect to its protectible trade dress, contending that such allegations are merely "legal conclusions." *Id.* at ¶¶ 26-28.

That Defendants deny their respective roles in designing, manufacturing, advertising, promoting, distributing, selling, or offering for sale the Infringing Products, and attempt to mask their responses in technical and irrelevant legalese to avoid providing substantive responses to these allegations, reveals Defendants' cavalier attitude as to their responsibility or sense of remorse for their infringing conduct. *Id.* at Exs. B and D at ¶ 30. Defendants' denials and avoidances cannot have been made to the best of their knowledge, or after reasonable inquiry, except for the one critical admission, at least by Kmart and Sears, that they lacked any license, authority or permission from Coach to use or exploit any of Coach's intellectual property. *Id.* at Exs. B and C at ¶ 38.

Defendants' Answers are pivotal to, and form the predicates for, the baseless affirmative defenses that Defendants have interposed. These defenses consist of the following: (a) absence of any infringing conduct by Defendants; (b) unavailability of statutory damages under 15 U.S.C. § 1117 (mistakenly cited as 28 U.S.C. § 1117); (c) estoppel, implied license, acquiescence, waiver and laches; (d) statute of limitations; (e) copyright misuse; (f) invalidity and unenforceability of the Coach's copyright

6

registrations; (g) invalidity and unenforceability of the Coach's trademarks and trade dresses; (h) the first sale doctrine; (i) failure to state a cause of action; (j) failure to mitigate damages; (k) failure to negotiate; and (l) unclean hands. *Id.* at Exs. B and C (Aff. Defs. Nos. 1, 3, 4, 5, 6, 7, 8, 9, 10) and Ex. D at pp. 13-15 (First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth Aff. Defs.).

By merely naming these purported defenses in the Answers, Defendants do not allege a single element of them – let alone how such defenses arose from Coach's conduct. Single words or one-sentence legal conclusions do not make out a sustainable defense.

## ARGUMENT

### THE INSUFFICIENT AFFIRMATIVE DEFENSES
### SHOULD BE STRICKEN AS A MATTER OF LAW

#### A. Governing Standards

Rule 12(f) authorizes the Court to strike "from any pleading any insufficient defense." Fed. R. Civ. P. 12(f). Because Rule 12(f) has the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6), *Sony Fin. Servs., LLC v. Multi Video Group, Ltd.*, No. 03Civ.1730(LAK)(GWG), 2003 WL 22928602 (S.D.N.Y. Dec. 12, 2003), the answer "must contain sufficient factual matter," so that the affirmative defense "'is plausible on its face.'" *See Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). Thus, under *Iqbal* a defendant does not satisfy its pleading burden for an affirmative defense through "'naked assertions devoid of further factual enhancement,'" "legal conclusions" or "mere conclusory statements." *See* 129 S. Ct. at 1949-50 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966). As the Court explained in *Iqbal*, unlocking the doors of discovery to support a pleading requires more than conclusions, it requires

7

well-pled factual allegations. *See* 129 S. Ct. at 1950; *Tracy v. NVR, Inc.*, No. 04-CV-6541L, 2009 WL 3153150, at \*8 (W.D.N.Y. Sept. 30, 2009) (striking as "plainly deficient under the *Iqbal* standard" a defense that read in its entirety "Plaintiffs' claims are barred by the doctrine of laches"); *In re Montagne,* Bankruptcy No. 08-10916, Adversary No. 08-1024, 2010 WL 538216, at \*3 (Bankr. D. Vt. Feb. 8, 2010) (stating *Twombly* applies to motion to strike defense under Rule 12(f)).

Baldly asserted conclusions of law that lack any factual support "have no efficacy" and are insufficient to plead an affirmative defense. *Shechter v. Comptroller of the City of New York*, 79 F.3d 265, 270 (2d Cir. 1996) (holding defendant's pleading insufficient because it lacked necessary factual detail to demonstrate applicability); *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 623 (S.D.N.Y. 2008) (striking defenses because defendant failed to "alleg[e] even general facts to support them" and "[i]n fact ... assert[ed] *no* facts") (emphasis in original); *Federal Nat. Mortg. Ass'n v. Olympia Mortg. Corp.*, No. 04 CV 4971 (NG) (MDG), 2007 WL 3077045, at \*4 (E.D.N.Y. Oct. 22, 2007) ("Merely pleading a defense, without factual allegations, is insufficient.").

Importantly, increased time and expense of trial warrants granting a Rule 12(f) motion, and a court should strike a defense to eliminate the delay and unnecessary expense from litigating an invalid claim when it is insufficient as a matter of law. *See, e.g., Estee Lauder, Inc. v. The Fragrance Counter, Inc.*, 189 F.R.D. 269, 272 (S.D.N.Y. 1999); *FDIC v. Ornstein*, 73 F. Supp. 2d 277, 279-80 (E.D.N.Y. 1999); *FDIC v. Eckert Seamans Cherin & Mellott*, 754 F. Supp. 22, 23 (E.D.N.Y. 1990).

## B. **Defendants' Affirmative Defenses Are Without Merit**

The defenses sought to be struck totally miss the mark. It is apparent from the lack of any plausible factual allegations that Defendants have pursued a blunderbuss strategy of asserting a myriad of irrelevant and insupportable affirmative defenses in an attempt to mitigate their indefensible conduct. As demonstrated below, none of these defenses are sustainable.

### 1. **The First Sale Doctrine Defense Should Be Stricken**

For their eighth affirmative defense, Defendants rely on the first sale doctrine. The defense is pleaded as follows: "Plaintiffs' copyright infringement claims are barred by the first sale doctrine." Davis Decl. at Exs. B and C (Aff. Def. No. 8) and Ex. D at pp. 14-15 (Eighth Aff. Def.) (using the word "docturine" (sic)). No other facts are alleged. This conclusory allegation is insufficient to state the defense. *Iqbal*, *Shechter* and *Aspex Eyewear, Inc.*, *supra*, at 7-8. Moreover, as discussed below, the facts of this case establish that the first sale doctrine is inapplicable, requiring this defense to be struck.

The Copyright Act's first sale doctrine "allows the purchaser of a physical copy of a copyrighted work to sell that copy to another without infringing the copyright owner's exclusive distribution rights." *Pearson Educ., Inc. v. Kumar*, No. 1:07-CV-9399 (CSH), 2010 WL 1609024, at *5 (S.D.N.Y. Apr. 16, 2010) (discussing doctrine codified at 17 U.S.C. § 109(a)); *see Quality King Distribs., Inc. v. L'anza Research Internt'l, Inc.*, 523 U.S. 135, 118 S. Ct. 1125 (1998). Thus, once the copyright owner sells or transfers a genuine copy, he divests himself of the exclusive right in that copy; such that the right to sell passes to the buyer or transferee. *See Pearson Educ., Inc.*, 2010 WL 1609024, at *5.

This action does not involve a "first sale" of any Coach-brand luggage to 24/7, Kmart or Sears – let alone any resale of Coach products by any of the Defendants. 24/7 distributed and sold unauthorized product to Kmart, which in turn sold them to consumers. Here, legitimate Coach product was never the subject of any commerce between or among the parties. Even assuming that Defendants purchased an authentic Coach-brand luggage piece – which is no where alleged in the Answers – and then manufactured and sold substantially similar copies, that single purchase would not license or authorize such activities or otherwise provide a defense to a copyright infringement claim. *See Design Options, Inc. v. Bellepointe, Inc.*, 940 F. Supp. 86, 91 (S.D.N.Y. 1996) (first sale doctrine did not permit purchaser of sweaters bearing designs the right "to reproduce the designs and to manufacture and sell new versions of [plaintiff's] copyrighted sweater styles").

Because Coach never sold any of its products to the Defendants for resale (or granted a license to use or exploit any Coach copyright), and since the infringing luggage distributed by 24/7 and sold by Kmart was not genuine Coach-brand luggage, the first sale doctrine defense cannot be invoked, has no factual or legal merit, and should therefore be stricken. *See Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 418 (D. N.J. 2005) (declining to reconsider dismissal of first sale defense because it was "clear that the basis of Plaintiff's suit is not any recording to which the first sale doctrine would be applicable"); *see also London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 174 (D. Mass. 2008) ("[W]here ownership is created through an illegal copy, the first sale doctrine does not provide a defense[.]"); *Microsoft Corp. v. Software Wholesale Club, Inc.*, 129 F. Supp. 2d 995, 1006 n.8 (S.D. Tex. 2000) (noting that the first sale doctrine does not cover the sale of counterfeit or illegally-reproduced copies).

10

## 2. The Estoppel, Implied License, Acquiescence, Waiver And Laches Affirmative Defenses Should Be Stricken

Defendants string together single words or a phrase in an attempt to allege equity-based affirmative defenses. The defenses are recited as follows: "Plaintiffs' claims are barred by estoppel, implied license, acquiescence, waiver and laches." Davis Decl. at Exs. B and C (Aff. Def. No. 4) and Ex. D at p. 14 (Sixth Aff. Def.).

Defendants do not allege any facts in support of any of these affirmative defenses, and thus they must be stricken. *See, e.g., Ganley v. County of San Mateo*, No. C06-3923 TEH, 2007 WL 902551, at *5 (N.D. Cal. Mar. 22, 2007); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1050 (N.D. Cal. 2004) (striking affirmative defenses for failure to allege factual bases); *Yash Raj Films (USA) Inc. v. Atlantic Video*, No. 03 C 7069, 2004 WL 1200184, at *3 (N.D. Ill. May 28, 2004) ("stringing together a list of legal defenses" not sufficient under Rule 8(a)); *D.S. America (East), Inc. v. Chromagrafx Imaging Sys., Inc.*, 873 F. Supp. 786, 798 (E.D.N.Y. 1995) (pleading the words estoppel and unclean hands is not a sufficient statement of defenses); *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 687 F. Supp. 832, 841 (S.D.N.Y. 1988).

### (a) Estoppel

In order to plead an affirmative defense based on estoppel, a defendant must allege all of the elements of the defense. *Allen v. A.H. Robins Co., Inc.*, 752 F.2d 1365, 1371 n.3 (9th Cir. 1985); *Fluor Corp. v. Ill. Power Co.*, 326 F.2d 374, 377-78 (7th Cir. 1964); *Mattox v. Watson*, No. CV 07-5006-RGK (RZx), 2007 WL 4200213, at *5 (C.D. Cal. Nov. 15, 2007). Defendants also must allege sufficient facts to support the defense. *Ganley, supra; Mattox, supra.* Here, Defendants do not allege that they detrimentally relied on any representations or conduct by Coach to their prejudice, as is necessary to

11

sustain a defense based on estoppel. *See, e.g., Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 725 (2d Cir. 2001); *Jewish Sephardic Yellow Pages, Ltd. v. DAG Media, Inc.*, 478 F. Supp. 2d 340, 354 (E.D.N.Y. 2007) (estoppel defense to trademark claim unavailing where party asserting defense could not demonstrate requisite elements of injury and reliance); *Russian Kurier, Inc. v. Russian American Kurier, Inc.*, 899 F. Supp. 1204, 1211 (S.D.N.Y. 1995) (no evidence that plaintiff promised to forbear from suit if defendants altered infringing masthead of publication). Since Defendants have neither alleged the elements of estoppel, nor asserted any facts in support of this defense, it must be stricken.

### (b) Implied License

An implied license will be "found only in narrow circumstances where one party created a work at the [other's] request and handed it over, intending that [the other] copy and distribute it." *Ulloa v. Universal Music and Video Distrib. Corp.*, 303 F. Supp. 2d 409, 416 (S.D.N.Y. 2004) (internal quotations omitted) (quoting *SmithKline Beecham Consumer Healthcare, L.P. v. Watson Pharm., Inc.*, 211 F.3d 21, 25 (2d Cir. 2000)); *see also SHL Imaging, Inc. v. Artisan House, Inc.*, 117 F. Supp. 2d 301, 317 (S.D.N.Y. 2000) ("An implied license can only exist where an author creates a copyrighted work with knowledge and intent that the work would be used by another for a specific purpose" and noting that "no court has found an implied license where the nature of the use is contested"); *Pavlica v. Behr*, 397 F. Supp. 2d 519, 526 (S.D.N.Y. 2005) (implied license requires a "meeting of the minds as determined under contract law"). In short, an implied license to use a copyrighted work cannot arise out of the unilateral expectations of one party. *SHL Imaging, Inc.*, 117 F. Supp. 2d 301, 317.

Here, the Defendants have alleged no facts supporting an implied license defense, nor could they. None of the Defendants requested Coach to create the Op-Art design, and Coach did not hand over the design to Defendants for them to use, copy or distribute. Because no such facts are alleged, this defense must be stricken.

### (c) **Acquiescence and Laches**

Acquiescence and laches both "'connote consent by the owner to an infringing use of his mark, acquiescence implies active consent, while laches implies a merely passive consent.'" *ProFitness Physical Therapy Center v. Pro-Fit Orthopedic and Sports Physical Therapy P.C.*, 314 F.3d 62, 67-68 (2d Cir. 2002).

Acquiescence requires proof of three elements: (1) the senior user actively represented that it would not assert a right or a claim; (2) the delay between the active representation and assertion of the right or claim was not excusable; and (3) the delay caused the defendant undue prejudice. *Id.* at 67 (quoting *Times Mirror Magazines, Inc. v. Field & Stream Licenses Co.*, 294 F.3d 383, 395 (2d Cir. 2002)).

Similarly, the laches affirmative defense requires a defendant to allege that it has been prejudiced by plaintiff's unreasonable delay in bringing the action. *Id.*; *see also Thom v. Ashcroft*, 369 F.3d 158, 166 (2d Cir. 2004) (noting that the two elements for laches are (1) "a lack of diligence by the party against whom the defense is asserted" and (2) "prejudice to the party asserting the defense").

The active consent necessary to allege acquiescence requires conduct on the plaintiff's part that amounts to an assurance to the defendant, express or implied, that the plaintiff would not assert his trademark rights against the defendant. *Id.* at 68. The passive consent necessary for laches results from plaintiff's unreasonable delay. *Id.*

13

Defendants have alleged no facts supporting conduct of either acquiescence or laches. In this case, Coach has not consented in any way to the Defendant's infringing activity. Coach made no assurances to Defendants that it would forbear from asserting a claim or right. Because there was no such assurance, the other acquiescence elements are inapplicable. In addition, the Defendants' purported laches defense is factually devoid of support and is insufficient on its face. Coach did not delay in filing this suit. It discovered the Defendants' unlawful conduct on or about January 25, 2010 and filed its suit less than two months later. Davis Decl. at Ex. A at ¶ 33.

Because both defenses are factually insufficient they must each be stricken. *See, e.g., Tracy v. NVR, Inc.*, No. 04-CV-6541L, 2009 WL 3153150, at *8 (W.D.N.Y. Sept. 30, 2009) (striking under *Iqbal* the defense that "Plaintiffs' claim are barred by the doctrine of laches," and others, because they were too conclusory and "unsupported by any factual allegations").

### (d) Waiver

"Waiver is the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it." *U.S. v. King Features Entm't, Inc.*, 843 F.2d 394, 399 (9th Cir. 1988). In addition to alleging facts to support a waiver defense, Defendants must establish "clear, decisive and unequivocal conduct" indicating a purpose to waive rights. *Groves v. Prickett*, 420 F.2d 1119, 1125 (9th Cir. 1970). Where, as here, Defendants have failed to allege a "clear, decisive and unequivocal" intent to relinquish any rights, the defense has been summarily rejected by the courts. *See, e.g., adidas-America, Inc. v. Payless Shoesource, Inc.*, 546 F. Supp. 2d 1029, 1074 (D. Or. 2008);

*Novell, Inc. v. Weird Stuff, Inc.*, No. C92-20467 JW/EAI, 0094 WL 16458729, at \*12-\*13 (N.D. Cal. Aug. 2, 1993). The defense must be stricken.

### 3.   The Statute of Limitations
   <u>Affirmative Defense Should Be Stricken</u>

Defendants Kmart's and Sears' fifth affirmative defense based on the statute of limitations is devoid of merit. Indeed, Defendants do not bother to provide the barest details of the circumstances that would entitle them to raise this defense, *i.e.*, the limitations period invoked or the claim to which it applies. The defense merely states that "Plaintiffs' claims are barred by the applicable statute of limitations." Davis Decl. at Exs. B and C (Aff. Def. No. 5).

The shortest limitations period applicable to any claim alleged in the Complaint is three (3) years. *Compare* 17 U.S.C. § 507(b) (providing for three-year limitations period for copyright action) *with* CPLR 213 (limitations period where otherwise not provided for is six years); *Constellation Brands, Inc. v. Arbor Hill Assocs., Inc.*, 535 F. Supp. 2d 347, 362 (W.D.N.Y. 2008) ("For trademark infringement claims, the analogous statue statute of limitations is New York's six-year fraud statute.") and *Greenlight Capital, Inc. v. Greenlight (Switzerland) S.A.*, No. 04 Civ. 3136 (HB), 2005 WL 13682, at \*8 (S.D.N.Y. Jan. 3, 2005) (holding unfair competition claim subject to six-year limitations period).

Upon information and belief, Defendants unlawful activities first occurred less than three years from Coach's commencement of the action. Indeed, Coach purchased an infringing Luggage Set on January 25, 2010, and promptly filed the action on March 4, 2010. The accrual of any claim alleged in the Complaint occurred well within three years. Defendants' failure to allege any sustainable limitations defense requires the striking of this defense.

### 4.  The Copyright Misuse Affirmative Defense Should Be Stricken

Defendants Kmart and Sears assert in unison as their sixth affirmative defense that "Plaintiff's copyright infringement claims are barred by the doctrine of copyright misuse." Davis Decl. at Exs. B and C (Aff. Def. No. 6). This defense is insufficiently pled. *See Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 685 (M.D. Fla. 2002) (striking defense because defendant "alleged only that the 'Plaintiff has engaged in licensing and other practices that constitute copyright misuse.'").

Copyright misuse occurs when "copyright owners . . . attempt to extend the scope of their copyrights and use them anticompetitively **in violation of the antitrust laws.**" *UMG Recordings, Inc. v. Lindor*, 531 F. Supp. 2d 453, 458 (E.D.N.Y. 2007) (emphasis added). The defense arises from "tying arrangements, anticompetitive contracts or licensing agreements . . . the refusal to license to competitors" or from other anti-competitive conduct such as "copyright pooling." *Id.* (noting that "categories of misuse share one characteristic: the copyright owner has used its copyright to gain an impermissible competitive advantage").

When a defendant alleges no anti-competitive conduct and its answer is otherwise bereft of any factual detail, the copyright misuse defense must be stricken. *Id.* at 459 (striking defense because the "alleged anticompetitive behavior" fit into "none of [the] typical categories" and defendant did not allege "any viable anticompetitive aspects of the plaintiffs' agreement to collectively bring infringement suits"); *see Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 685 (striking defense with prejudice because defendant failed "to disclose the specific wrongful conduct in which the Plaintiff has purportedly engaged" and failed to "establish how the Plaintiff's allegedly wrongful conduct is directly related to

the current case"); *Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945 (striking defense because defendants made "vague allegations" regarding misuse of copyrights but failed to "allege facts"); *see also Microsoft Corp. v. BEC Computer Co., Inc.*, 818 F. Supp. 1313, (C.D. Cal. 1992) (striking copyright misuse defense).

Here, the "copyright misuse" defense lacks the factual details necessary to properly plead the defense. In fact, the single sentence Defendants Kmart and Sears use to assert the defense contains even less information than the one-sentence defense struck in *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, *supra. Compare, e.g.*, Davis Decl. at Exs. B and C (Aff. Def. No. 6) ("Plaintiff's copyright infringement claims are barred by the doctrine of copyright misuse.") *with* 211 F.R.D. 681, 685 (striking "Plaintiff has engaged in licensing and other practices that constitute copyright misuse"). Defendants have failed to allege any facts or conduct in support of their defense – let alone the necessary anticompetitive conduct that is regulated by the antitrust laws. Because the defense is insufficiently pled, allowing Defendants Kmart and Sears to proceed any further with it through discovery would cause Plaintiffs substantial prejudice. *See UMG Recordings, Inc. v. Lindor*, 531 F. Supp. 2d 453, 459 (acknowledging prejudice would result if insufficient copyright misuse defense was the subject of discovery).

### 5. 24/7's Unclean Hands Affirmative Defense Should Be Stricken

Defendant 24/7's fifth affirmative defense is for "unclean hands." Davis Decl. at Ex. D at p. 14. It claims that "[t]o the extent each of Plaintiffs' claims seek equitable relief, Plaintiff's (sic) **inequitable conduct by bringing this action and knowing that the goods in issue are not counterfeit goods** therefore bars, in whole, or in part the granting

17

of relief to Plaintiffs herein." *Id.* (emphasis added). This defense is insufficient because filing a lawsuit to protect a legal right is not inequitable conduct. Moreover, 24/7 has failed to allege the necessary nexus between Coach's conduct and the 24/7 conduct at issue.

Unclean hands is a narrow doctrine that applies when "the party applying for such relief is guilty of conduct involving fraud, deceit, unconscionability, or bad faith." *Cartier v. Symbolix, Inc.*, 386 F. Supp. 2d 354, 362 (S.D.N.Y. 2005). The plaintiff's behavior must have been "truly unconscionable and brazen" for the defense to apply. *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 82 F. Supp. 2d 126, 131 (S.D.N.Y. 1999). *See also Dress For Success Worldwide v. Dress 4 Success*, 589 F. Supp. 2d 351, 363-64 (S.D.N.Y. 2008); *Markel v. Scovill Mfg. Co.*, 471 F. Supp. 1244, 1255 (W.D.N.Y. 1979) (unclean hands defense only available in the most egregious situations).

Moreover, the egregious misconduct supporting the unclean hands defense must relate to the claim being asserted by the plaintiff. *Precision Instrument Mfg. Co. v. Automotive Maint. Mach. Co.*, 324 U.S. 806, 814-15, 65 S. Ct. 993, 997-98 (1945); *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245, 54 S. Ct. 146, 147 (1933); *Dunlop-McCullen v. Local 1-S, AFL-CIO-CLC*, 149 F.3d 85, 90 (2d Cir. 1998) ("defense of unclean hands applies only with respect to the right in suit"); *A.H. Emery Co. v. Marcan Prods. Corp.*, 389 F.2d 11, 17-18 (2d Cir.), *cert. denied*, 393 U.S. 835, 89 S. Ct. 109 (1968); *Russian Kurier, supra*, 899 F. Supp. at 1211.

Here, 24/7 has not alleged any facts to support an unclean hands defense. It asserts only that Coach is litigating this case with unclean hands. But no such defense lies because "[c]onduct which occurs during the litigation of a lawsuit, rather than during the

18

accrual of the action, cannot form the basis of an equitable defense." *See S.E.C. v. Electronics Warehouse, Inc.*, 689 F. Supp. 53 (D. Conn. 1988).    Moreover, the counterfeiting claim alleged against the Defendants in Count I will likely be for a jury to decide.  24/7's liability does not turn on whether Coach believes that the goods distributed by 24/7 are counterfeit.  Put simply, 24/7 cannot escape liability on Count I even if Coach "knew" that 24/7's goods were not counterfeit.

Finally, 24/7 has not identified or otherwise referred to any egregiously unconscionable conduct by Coach relating to its counterfeiting claims or otherwise. Accordingly, the defense must be stricken. *See De Beers LV Trademark Ltd. v. DeBeers Diamond Syndicate Inc.*, No. 04 Civ. 4099 (DLC), 2005 WL 1164073, at *3-4 (S.D.N.Y. May 18, 2005) (striking unclean hands affirmative defense insufficiently related to plaintiffs' claims).

### 6. The Failure to Mitigate Damages Affirmative Defense Should Be Stricken

Defendants Kmart and Sears allege as their ninth affirmative defense that Coach's "request for recovery for infringement is barred to the extent that [Coach] failed to mitigate damages."  Davis Decl. at Exs. B and C (Aff. Def. No. 9).  This purported defense creates an imaginary bar to Coach's recovery by imposing a novel requirement to mitigate damages.  At best, this defense would limit actual damages, not wholly bar recovery. Furthermore, because this defense is entirely conclusory, it is plainly insufficient under *Iqbal, Shechter* and *Aspex Eyewear, Inc.*, *supra*, at 7-8, and must be stricken.

When a plaintiff has proven a violation under the Lanham Act, "the plaintiff shall be entitled . . . to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action," or, alternatively, statutory damages.  Coach has

19

properly demanded that Defendants account and pay to Coach all profits realized by their wrongful acts, awarding Coach its actual damages, and directing that such profits or actual damages be trebled, or, alternatively, awarding Coach statutory damages.  Coach has no duty to mitigate its damages, as it is not one imposed under the statute.

Even so, Defendants Kmart and Sears fail to identify any mitigating measures Coach should have undertaken.  *The Flag Co. v. Maynard*, CV-05-1194-HU, 2006 WL 2225816, at *2 (D. Or. Aug. 1, 2006) (striking affirmative defense of failure to mitigate damages as inadequately pled); *Ivanhoe Financial, Inc. v. Highland Ban Corp.*, No. 03 C 7336, 2004 WL 2091997, at *3 (N.D. Ill. Sept. 15, 2004); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 651-52 (D. Kan. 2009); *Burns v. Dodeka, LLC*, No. 4:09-CV-19-BJ, 2010 WL 1903987, at *1 (N.D. Tex. May 11, 2010).  Indeed, once Coach learned of Defendants unlawful activities, Coach demanded they stop immediately.

Sears and Kmart have pled a conclusory assertion without any supporting facts.  This is precisely the type of "naked assertion" devoid of "further factual enhancement" forbidden under *Iqbal*.  Accordingly, this defense must be stricken.

### 7. All Redundant, Immaterial Or Impertinent Affirmative Defenses Should Be Stricken

Defendants Kmart, Sears and 24/7 have improperly asserted conclusory and factually barren legal arguments and general denials and identified them as genuine affirmative defenses.  These so-called "affirmative defenses" must be stricken.

An affirmative defense is "[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's ... claim, **even if all allegations in the complaint are true**."  Black's Law Dictionary at 430 (7th ed. 1999) (emphasis added).

Here, Defendants Kmart and Sears assert as their first, third, seventh and tenth "affirmative defenses" conclusory denials of liability that do not defeat Coach's claims. Davis Decl. at Exs. B and C (Aff. Defs. Nos. 1, 3, 7 and 10). Defendant 24/7 takes the same tack in its first, fourth and seventh affirmative defenses. *Id.* at Ex. D at pp. 13-14.

Rather than alleging facts that defeat Coach's claims (assuming the Complaint's facts are true), Defendants Kmart and Sears masquerade bald denials of liability that completely ignore the facts alleged. In their Answers, Kmart and Sears state that they have "**not infringed**, induced infringement by others, contributed to infringement by others, or vicariously infringed any copyrights, trademarks, and/or trade dress owned by one or both of Plaintiffs." *Id.* at Exs. B and C (Aff. Def. No. 1) (emphasis added). Similarly, Sears and Kmart deny that they sell counterfeit goods. *Id.* (Aff. Def. No. 3). They also assert in conclusory fashion that Plaintiffs' copyright registrations, its trademarks and trade dress are "invalid and unenforceable." *Id.* (Aff. Def. Nos. 7 and 10).

Likewise, 24/7 asserts two defenses that are obtuse, amounting to nothing more than general and conclusory denials. Its first defense is that "[e]ach of the Plaintiffs failed to state any cause of action upon which relief can be granted," its fourth defense is that "the goods sold by the Defendants do not use a counterfeit mark," and its seventh defense is that "Coach's Op Art Copyrights are invalid, unenforceable, and/or not infringed by 24/7." *Id.* at Ex. D at pp. 13-14.

Because all of the above purported "affirmative defenses" are nothing more than conclusory and factually barren general denials, they do not satisfy the pleading standards established under *Iqbal, Shechter*, and *Aspex Eyewear, Inc., supra*, at 7-8. In addition, these defenses constitute redundant, immaterial and impertinent matter, given

21

Defendants' denials elsewhere in the Answers.  *See* Fed. R. Civ. P. 12(f); *see also Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897 (N.D. Ill. 2006) (striking affirmative defense that did nothing more than recite 12(b)(6) standard).

### 8.   24/7's Failure To "Negotiate" Damages Affirmative Defense Should Be Stricken

Defendant 24/7's ninth affirmative defense makes the novel claim that "Plaintiff's (sic) request for recovery from infringement is barred to the extent that Plaintiffs' (sic) failed to negotiate damages."  Davis Decl. at Ex. D at p. 15.  This defense is deficient for three reasons:  (a) 24/7 alleges no facts to support it; (b) 24/7 fails to even specify which infringement claims this defense applies to; and (c) no legal authority supports this defense.

These deficiencies, whether taken separately or together, are sufficient to strike 24/7's "failure to negotiate" defense under Rule 12(f).  Coach's claims against 24/7 entitle Coach to receive monetary damages.  The amount Coach receives, however, will be for a jury or this Court to decide.  Coach's claims are not defeated because it has failed to negotiate its damages with 24/7.

### CONCLUSION

For all the foregoing reasons, Coach respectfully requests that the Court enter an order (i) striking Defendant Kmart's and Sears' first, third, fourth, fifth, sixth, seventh, eighth, ninth, and tenth affirmative defenses, (ii) striking Defendant 24/7's first, fourth,

fifth, sixth, seventh, eighth and ninth affirmative defenses and (iii) granting costs and such other and further relief as the Court deems just and proper.

Dated: June 9, 2010
      New York, New York

JONATHAN D. DAVIS, P.C.

By:
      Jonathan D. Davis (JD 5712)
      99 Park Avenue
      Suite 1600
      New York, New York 10016
      (212) 687-5464
      Attorneys for Plaintiffs Coach, Inc. and Coach Services, Inc.